**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

TAITANO YANJUAN                          DOCKET NO. 3:26-cv-1306

VERSUS                                   JUDGE TERRY A. DOUGHTY

UNKNOWN DEFENDANT                         MAGISTRATE JUDGE LEBLANC


## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Taitano YanJuan ("Petitioner") on April 23, 2026.  Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.  For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.      BACKGROUND

Petitioner filed a petition for writ of habeas corpus arguing that he has been detained by U.S. Immigration and Customs Enforcement ("ICE") beyond the removal period authorized by statute and is not likely to be removed in the near future.  Doc. 1, p. 6.  According to the automated case information for the Executive Office for Immigration Review, Petitioner was ordered removed on January 20, 2026.  *See* https://acis.eoir.justice.gov/en/caseInformation.  Petitioner asks this Court to order the Respondents to release him from custody.  Doc. 1, p. 7.

### II.     LAW & ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

Petitioner has been in post-removal-order detention since January 20, 2026.  Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id*.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal order was entered on January 20, 2026, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, his habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*,

453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

### III.    CONCLUSION

For the reasons stated above, YanJuan's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 3rd day of June, 2026.

 

 

_____

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**